JOHN CABY & ASSOCIATES, INC., Appellant,

v.

COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent.

No. 51413.

Missouri Court of Appeals, Eastern District, Division One.

May 19, 1987.

Thomas A. Connelly, St. Louis, for appellant.

Susan M. Simeone, Clayton, for respondent.

SATZ, Presiding Judge.

Plaintiff, John Caby & Associates, Inc. (Caby), brought a declaratory judgment action against defendant, Community Federal Savings and Loan Association (Community Federal), requesting the court to declare Caby was entitled to $9054.66 which Caby had paid "under protest" to Community Federal. The trial court entered summary

judgment in favor of Community Federal. Caby appeals. We affirm.

Earl and Carol Seagraves (Seagraves) executed a promissory note in the amount of $82,000 in favor of Community Federal. The note was secured by a first deed of trust on certain property. The Seagraves executed three additional deeds of trust on the property, the third and fourth deeds of trust in favor of Caby.

Subsequently, on September 10, 1982, the Seagraves filed a voluntary petition in bankruptcy, Chapter 7. Two days later, the secured property in question was damaged by fire. In November, the trustee in bankruptcy abandoned the estate's interest in the property. In May, 1983, however, the bankruptcy court granted the trustee's request to set aside the abandonment and authorized the trustee to sell the estate's interest in the secured property to Caby for $2500.00.

In June, 1983, Community Federal entered into an agreement with Aetna Casualty and Surety Co. (Aetna), the fire insurance carrier for the secured property. The agreement is titled: Partial Assignment of Note and Deed of Trust. Pursuant to it, Aetna paid Community Federal fire insurance proceeds of $79,145.79, and Community Federal assigned to Aetna "a partial ownership interest in [the] Note and Deed of Trust ... executed by [the Seagraves]". The agreement, however, states the amount owing to Community Federal on the loan is $88,200.45, and, in the agreement, Community Federal reserves the right to satisfy the remaining $9,054.66 out of any proceeds from the property. The $9,054.66 represents interest on the principal from the date of the fire, September 12, 1982, to the date of the payment from Aetna, June 29, 1983. The reason for this transaction between Aetna and Community Federal is not stated or made clear in the record.

Caby then "purchased" from Aetna the "interest" assigned to Aetna by Community Federal. Apparently, as a holder of an interest in the first deed of trust, Caby attempted to foreclose on the property and sell it. Community Federal refused to execute a release until it received the $9,054.66. Caby filed suit against Community Federal in a three count petition: Count I—Quiet Title, Count II—Slander of Title and Count III—Malicious Refusal to Consent to Foreclosure. So the sale of property could proceed, Caby and Community Federal agreed that Caby would pay the $9,054.66 to Community Federal conditioned on a court determining the propriety of the payment. Caby amended its petition by filing Count IV, requesting the court to declare the payment by Aetna to Community Federal was in complete satisfaction of Community Federal's first deed of trust. Caby then dismissed Counts I, II and III.

Caby filed a motion for summary judgment, and Community Federal filed a motion to dismiss Caby's petition. The trial court found Caby "took [the] property subject to [Community Federal's] Deed of Trust and [the] balance of $9,054.66." The court "sustained" Community Federal's "motion to dismiss" and entered a "summary judgment in favor of [Community Federal]".

On appeal and below, both parties treat the action before the trial court as a summary judgment action; so shall we. We take the record before the trial court to be the record expressly and tacitly agreed to by the parties. We reach the same result the trial court did but for different reasons.

On appeal, Caby contends the $9,054.66 represents interest on the debt to Community Federal accruing after the date the Seagraves filed their petition in bankruptcy. This interest, Caby contends, accrued on property which was "under-secured", and, Caby argues, 11 U.S.C. 506(b) (1978) prohibits Community Federal, as a creditor with an "under-secured" claim, from collecting this post-bankruptcy interest.[1]

---

1. 11 U.S.C. § 506(b) provides:
To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

Caby's argument is misdirected and, thus, misses the mark.

■ Under 11 U.S.C. 506(b), a creditor with an "over-secured" claim is entitled to post-bankruptcy interest to the extent the claim is "over-secured". *See, e.g., Wolohan Lumber Co. v. Robbins*, 21 B.R. 747, 751 (S.D.Ohio 1982). Conversely, if the value of the collateral is less than the amount of the claim, the creditor is not entitled to post-bankruptcy interest. *Id.* This section simply codifies the rule "commonly known as the bankruptcy rule". *United States Nat. Bank v. Chase Nat. Bank*, 331 U.S. 28, 34, 67 S.Ct. 1041, 1044–45, 91 L.Ed. 1320, 1325 (1947).

> [The rule] is designed to preclude any unwarranted advantage from accruing to the secured creditor. Grounded upon the statutory principle of equality and ratable distribution, it prohibits the secured creditor from reaping the whole benefit of his security while simultaneously taking dividends from the general assets on the basis of his entire claim as if he had no security. This rule differs from the one in equity, which allows the secured creditor to receive dividends on the full amount of his claim, crediting all dividends received and reserving the security against any deficiency. *Id.* [67 S.Ct.] at 1044–1045. (Interpreting former 11 U.S.C. 93(h), the precursor of 11 U.S.C. 56(b)).

■ The purpose of this section, then, is focused on the legal relations of the bankrupt's estate and the bankrupt's creditors. To us, it follows that this section and the rule it expresses is not meaningful once the legal nexus between the bankrupt's estate and the creditors ceases to exist. Admittedly, neither party has cited nor has our research disclosed a case which expressly supports, or, for that matter precludes, this conclusion. The conclusion, nonetheless, makes sense. Applied to the present facts, the conclusion supports the result reached by the trial court.

In the present case, Caby purchased the bankrupt estate's interest in the property in question. The bankruptcy court's order permitting the sale made no mention of Community Federal's deed of trust. Thus, Caby purchased the property subject to that deed of trust. *E.g., Gotkin v. Korn*, 182 F.2d 380, 382 (D.C.Cir.1950). Moreover, once the property was no longer part of the bankrupt's estate, the prohibition against or the permission for post-bankruptcy interest, pursuant to 11 U.S.C. 506(b), is no longer meaningful and serves no useful purpose. At best, Caby is attempting to assert the immunity from post-bankruptcy interest the bankrupt Seagraves may have had while the property was part of the bankrupt's estate. Arguably, the estate property would be more easily sold or disposed of if this immunity would follow the property. But, the Bankruptcy Code already provides for this option by empowering the bankruptcy court to sell estate property free and clear of liens. *See,* 11 U.S.C. § 363 (1978); *Matter of Buchman*, 600 F.2d 160, 165 (8th Cir. 1979). Accordingly, $9,054.66 in interest was due and owing to Community Federal, and judgment was properly entered in its favor.

The trial court reached this result by first finding Community Federal's claim was an "over-secured" claim. We need not and do not reach that issue. On appeal, our primary concern is the correctness of the result, not the route taken to reach it. *E.g. Maryland Plaza Redevelopment Corp. v. Greenberg*, 594 S.W.2d 284, 286 (Mo.App.1979).

Judgment affirmed.

CRIST and KELLY, JJ., concur.